IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA KAY M., ) | |
| ) | |
|     **Plaintiff**, ) | |
| ) | |
| vs. ) | Case No. 19-CV-49-FHM |
| ) | |
| ) | |
| ANDREW M SAUL, Commissioner of ) | |
| Social Security, ) | |

## OPINION AND ORDER

Plaintiff, SANDRA KAY M., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance,

---

[1] Plaintiff Sandra Kay M.'s applications were denied initially and upon reconsideration. A video hearing before an Administrative Law Judge (ALJ) B. D. Crutchfield was held January 9, 2018. By decision dated March 1, 2018, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 29, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 42 years old on the alleged date of onset of disability and 45 years old on the date of the denial decision. She received her GED and past work experience includes jeweler and roller operator. [R. 36]. Plaintiff claims to have been unable to work since May 9, 2015 due to ADHD, bipolar depressive, mood disorder, anxiety disorder, panic attacks, and thyroid issues. [R. 264].

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: affective disorder and attention deficit disorder/attention deficit hyperactive disorder. [R. 25]. The record also reveals diagnoses for muscle strain of right deltoid and rotator cuff at the shoulder, and right hip. The ALJ found these impairments to be nonsevere. [R. 26]. The ALJ determined that the Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: Plaintiff can perform simple tasks with routine supervision; can adapt to a work setting; can relate to supervisors and coworkers on a superficial basis; cannot relate to the

2

general public. [R. 28]. The ALJ determined that although Plaintiff cannot return to her past relevant work, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 36-37]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff's issue is whether substantial evidence supports the ALJ's RFC assessment when the ALJ erred in the weight he assigned to the opinions of Plaintiff's treating physicians. [Dkt. 17, p. 9].

### Analysis

Treating Source Opinions

David Purselle, M.D.

Plaintiff argues that the ALJ's reliance on non-examining opinions over those of the treating and examining source was invalid. Plaintiff contends that the ALJ failed to give good reasons for discounting the opinions of Plaintiff's treating psychiatrist, David Purselle, M.D., and Rebecca Honeycutt, L.P.C. [Dkt. 17, p. 10-15].

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific,

legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. See 20 C.F.R. § 404.1527(d)(2)-(6).

David Purselle, M.D., of Via Christi Behavioral Health treated and managed Plaintiff's medication from March 2016 through December 2016. [R. 390-402]. On September 12, 2016 Dr. Purselle completed a *Medical Source Statement – Mental* opining Plaintiff's mental limitations ranged from mild to marked. Dr. Purselle also found Plaintiff would have bad days causing the need to leave work prematurely or be absent 3 days per month. Further, Plaintiff's symptoms would interfere with attention and she would be "off task" 20% of the time. [R. 372-73]. The ALJ assigned some weight to Dr. Purselle's medical source statement noting she found support pertaining to Plaintiff's limitation in her ability to remember, understand, and carry out detailed instructions.

The ALJ thoroughly and accurately discussed Dr. Purselle's medical records. The ALJ noted that while she found support for the opinion that Plaintiff would be limited in

4

her ability to remember, understand, and carry out detailed instructions, she found little support that Plaintiff is markedly limited in those areas. Further, the ALJ specifically addressed contradictions to those marked limitations noting that the record evidence revealed Plaintiff drove to her appointments, arrived on time, helped get "Boo" off to school, helped care for a disabled person in her home, and routinely had fair concentration during the sessions. [R. 35]. Despite Plaintiff's contention that the ALJ erred by relying on her activities of daily living, the regulations require the ALJ to do so. *See* 20 C.F.R. § 404.1527(c)(4). Dr. Purselle's limitations accepted by the ALJ are reflected in the RFC assessment by limiting Plaintiff to simple tasks. [R. 28]. The court finds the ALJ gave good reasons in her decision supported by the record for the weight she gave to the opinion of Dr. Purselle. Accordingly, the court sees no error.

Rebecca Honeycutt, L.P.C.

Plaintiff began psychotherapy in July 2016 with Rebecca Honeycutt, L.P.C. On September 9, 2016, Ms. Honeycutt completed a medical source statement opining that Plaintiff had moderate to extreme limitations; she would miss 4 or more days of work each month; and would be "off task" 25% of the day. [R. 366-67]. The ALJ gave little weight to Ms. Honeycutt's opinion noting:

> "[T]he claimant has extremely and marked limitations in most areas . . . which appears to be very extreme and inconsistent with the longitudinal medical evidence of record. (Ex B2F; B6F; B8F; B13F; B14F). Although a treating source, this opinion does not contain a narrative to explain the conclusion contained therein, and furthermore, is not supported by her treatment notes, which indicate some waxing and waning of depression, but largely fair concentration and motivation, despite medication noncompliance (Ex. B6F, B8F, B13F). Moreover . . . the claimant reported ability to concentrate with Adderall, spent time with others, including her partner and father, spoke and helped her ex-husband, and spent time with and cared for "Boo" (Ex. 4E, 5F/3, 5-6, 17, 27, 31, 36-39, 40-43; 13F/2-3, 6-7, 12; 15F/3)."

5

[R. 35].

As with Dr. Purselle, the ALJ thoroughly discussed Ms. Honeycutt's medical records and it is clear that the ALJ considered her opinion. The ALJ's RFC assessment is consistent with two state agency physicians whose mental assessments were given great weight by the ALJ. [R. 34, 79-80, 117-119]. Basically, Plaintiff is dissatisfied with the weight given the evidence and is essentially asking the court to reweigh the evidence. This it cannot do. *Hamlin v. Barnhart*, 365 F.3d 1208 (10th Cir. 2004) citing Kelley *v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995). The evidence relied upon by the ALJ is evidence a reasonable mind could accept as adequate to support a conclusion, and the evidence relied upon by the ALJ is not overwhelmed by other record evidence. The court finds no error in the ALJ's treatment of Ms. Honeycutt's opinion. Further, the RFC is supported by substantial evidence and should not be disturbed.

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 20th day of February, 2020.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6